| NONPRECEDENTIAL DISPOSITION |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 13, 2007
Decided July 23, 2007

**Before**

Hon. Joel M. Flaum, *Circuit Judge*

Hon. Daniel A. Manion, *Circuit Judge*

Hon. Diane P. Wood, *Circuit Judge*

| | |
|---|---|
| No. 06-3806 | Appeal from the United States District Court for the Eastern District of Wisconsin |
| United States of America, | |
| | No. 04 CR 66 |
| *Plaintiff-Appellee*, | |
| | **Rudolph T. Randa**, *Chief Judge*. |
| v. | |
| Jeffrey G. Coleman, | |
| *Defendant-Appellant*. | |

## O R D E R

After pleading guilty to conspiring to distribute five kilograms or more of cocaine, Jeffrey Coleman sought to withdraw his plea. The district court denied Coleman's motion concluding that Coleman failed to establish a fair and just reason for the withdrawal of his plea. The district court then sentenced Coleman to 360 months' imprisonment. Coleman appeals, and we affirm.

I.

Jeffrey Coleman ("Coleman") was charged in a one-count indictment with conspiring to distribute five kilograms or more of cocaine. Pursuant to a plea agreement, Coleman pleaded guilty to the charge. The plea agreement noted that Coleman could face a term of life imprisonment and that the offense at issue involved more than five kilograms of cocaine. Two months later, Coleman's attorney filed, on Coleman's behalf, a motion captioned "Motion To Withdraw Guilty Plea." The motion stated that "[b]y means of this Motion, the defendant seeks only to void the Plea Agreement under the terms of which his February 3rd, 2005 guilty plea was entered. If granted leave to do so, he will enter a guilty plea to that same charge in the absence of a Plea Agreement." The district court held a hearing on the motion at which Coleman's counsel stated that Coleman wished to withdraw his previously entered plea pursuant to the plea agreement and "fil[e] a separate factual basis for the plea, and then a change of plea hearing on that basis." The district court granted Coleman's motion. The district court further clarified the status of Coleman's case in an order stating, "At the hearing on November 9, Coleman was never allowed to withdraw his plea of guilty[,] but only to withdraw from the terms of the plea agreement. . . . There was never a motion by Coleman to completely withdraw his plea nor was a 'fair and just' reason offered, at any time, for a complete withdrawal of the defendant's plea."

Coleman filed a second motion to withdraw his previously entered guilty plea, this time with new counsel. In this latter motion, Coleman asserted that he first saw the guilty plea thirty to forty-five minutes prior to his change of plea hearing and that his attorney read it to him, but refused Coleman the opportunity to read it to himself. Coleman also argued that he was rushed into the plea and did not fully understand the plea agreement. Coleman stated that he believed that he could and would be able to go to trial, and further stated that his guilty plea was not made knowingly and voluntarily and was the product of ineffective assistance of counsel.

The district court denied Coleman's second motion in a one-page order stating that "Coleman has failed to set forth a 'fair and just' reason for withdrawal of his plea." The district court also overruled Coleman's objections that the presentence report improperly utilized his prior convictions to arrive at a guideline range of 360 months to life imprisonment. The district court sentenced Coleman to 360 months' imprisonment. In imposing this sentence, the district court concluded that Coleman had at least two prior controlled substance felony convictions qualifying him for the career offender provision of the guidelines. The district court also considered the factors set forth in 18 U.S.C. § 3553(a) and Coleman's history. Coleman appeals the denial of his motion to withdraw his plea, the application of the career offender enhancement, and the reasonableness of his sentence.

II.

We review a district court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Howard*, 341 F.3d 620, 622 (7th Cir. 2003) (citation omitted). A defendant is permitted to withdraw a guilty plea if "the defendant can show a fair

and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The burden to make this showing rests on the defendant. *United States v. Walker*, 447 F.3d 999, 1004 (7th Cir. 2006). A guilty plea premised on ineffective assistance of counsel is deemed involuntary, and the defendant must "demonstrate both that [his] attorney's performance fell below an objective standard of reasonableness and that [he] was prejudiced by this deficient representation." *United States v. Wallace*, 276 F.3d 360, 366 (7th Cir. 2002) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In other words, to withdraw his guilty plea, the defendant must show that his attorney's counsel was objectively unreasonable and that, but for that erroneous advice, he would not have entered the guilty plea. *See Bridgeman v. United States*, 299 F.3d 589, 592 (7th Cir. 2000).

Coleman contends that he did not fully understand the plea agreement, that he only received the plea agreement thirty minutes prior to the hearing, that he was prevented by his attorney from reading the plea agreement, and that his attorney never fully explained that he could be sentenced as a career offender. As an additional basis for withdrawal, Coleman cites his attorney only seeking to withdraw from the plea agreement and not to the plea as a whole.

As an initial matter, we note that there is no requirement that an attorney meet with his client for a particular amount of time before a plea hearing. *See generally United States v. Henry*, 933 F.2d 553, 561 (7th Cir. 1991). Further, statements made at a Rule 11 plea hearing are presumed truthful. *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002) (citation omitted). At his plea hearing, Coleman stated under oath that he was satisfied with his attorney's representation, that he did not wish to discuss anything further with his attorney, and that he did not wish to go to trial. Coleman further acknowledged as true the facts alleged by the government, including that he and his co-defendants received twenty-five kilograms of cocaine. Finally, Coleman stated that he understood that he could be sentenced up to life imprisonment.

Coleman has failed to show that he was prejudiced by ineffective assistance of counsel because the alleged deficiencies he now claims are rebutted by his own statements at the plea hearing. Moreover, Coleman has not demonstrated that absent those claimed deficiencies he would have gone to trial. Accordingly, the district court did not abuse its discretion in concluding that Coleman had failed to assert fair and just reasons for withdrawing his plea.

We next turn to the district court's application of the guidelines' career offender provisions. Coleman objects to his designation as a career offender under guideline § 4B1.1 for two prior felony drug convictions because he neither admitted to those convictions in proceedings in this case nor were they submitted to a jury for proof beyond a reasonable doubt.

The Supreme Court held in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must found by a jury beyond a reasonable doubt. Prior convictions however are exempt from this holding. *United States v. Peters*, 462 F.3d 716, 718 (noting that a defendant does "not have a Sixth Amendment right to a jury determination of his prior conviction."); *see Almendarez-Torres v.*

*United States*, 523 U.S. 224 (1998); *Harris v. United States*, 536 U.S. 545 (2002). Although Coleman cites Justice Thomas's dissent in *Harris*, 536 U.S. at 579, and concurrence in *Shepard v. United States*, 544 U.S. 13, 26 (2005), in support of his position that he is being exposed to greater punishment than otherwise prescribed for his offense, this court, as well as the district court, are bound to follow *Almendarez-Torres*. Therefore, the district court did not err in applying the career offender enhancement without Coleman's admission to or a jury's finding on his prior convictions. *United States v. Jordan*, 485 F.3d 982, 984 (7th Cir. 2007).

Finally, Coleman challenges the reasonableness of his sentence. We review a sentence imposed by a district court for reasonableness. *United States v. Mykytiuk*, 415 F.3d 606, 607 (7th Cir. 2005). Sentences within the guideline range are presumptively reasonable. *Id.* at 608. We note, though, "that this is a standard for appellate review only." *United States v. Sachsenmaier*, ___ F.3d ___, No. 05-3505, 2007 WL 1839282 at *4 (7th Cir. June 28, 2007) (citing *Rita v. United States*, No. 06-5754, 2007 WL 1772146 (June 21, 2007)). "[T]he reasonableness of a sentence is guided by the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Alburay*, 415 F.3d 782, 786 (7th Cir. 2005). "[T]hese factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, the need to promote respect for the law, the need to provide just punishment for the offense, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant." *Id.* (citing 18 U.S.C. § 3553a(1) & (2)(A)-(C)). The district court must consider these factors, ultimately basing its sentence on § 3553 "without any thumb on the scale favoring a guideline sentence. If, however, a district court freely decides that the guidelines suggest a reasonable sentence, then on appellate review the defendant must explain why the district court was wrong." *Sachsenmaeir*, 2007 WL 1839282 at *4.

Coleman's guideline range was 360 months to life imprisonment; the district court imposed a sentence of 360 months' imprisonment. Coleman argues that his age of thirty-six, and his rehabilitation efforts, make a sentence of 360 months' imprisonment severe and greater than that imposed on those who committed violent crimes. Coleman, however, fails to assert which, if any, of the § 3553 factors the district court failed to consider in imposing the sentence or that the district court failed to consider Coleman's personal characteristics, including his age or the possible term of imprisonment. The district court considered § 3553, including Coleman's history and characteristics, his prior convictions, minimal work history, prior arrests, and dropping out of school, and concluded that the guideline sentence was a reasonable one. Therefore, the district court did not impose an unreasonable sentence, and we affirm Coleman's sentence.

III.

We conclude that Coleman failed to establish a fair and just reason for the withdrawal of his plea and that the district court imposed a reasonable sentence. Accordingly, we AFFIRM both Coleman's conviction and sentence.