NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 17, 2008
Decided August 27, 2008

**Before**

JOEL M. FLAUM,   *Circuit Judge*

DANIEL A. MANION,   *Circuit Judge*

DIANE P. WOOD,   *Circuit Judge*

| | |
|---|---|
| No. 06-3806 | Appeal from the United States District Court for the Eastern District of Wisconsin |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| | No. 04 CR  66 |
| *v.* | |
| | **Rudolph T. Randa**, *Chief Judge*. |
| JEFFREY G. COLEMAN, *Defendant-Appellant*. | |

**O R D E R**

Jeffrey Coleman pleaded guilty to conspiring to distribute five kilograms or more of cocaine, and the district court sentenced Coleman to 360 months' imprisonment.  On a prior appeal, we affirmed the district court's sentence noting "district court

considered § 3553, including Coleman's history and characteristics, his prior convictions, minimal work history, prior arrests, and dropping out of school, and concluded that the guideline sentence was a reasonable one." On remand from the Supreme Court to consider this appeal in light of *Rita v. United States*, 127 S. Ct. 2456 (2007), we vacate and remand for resentencing.

A district court may not employ a presumption that a sentence within a defendant's Guideline range is reasonable. *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007). Only an appellate court may apply that presumption. *Id.* The Guidelines serve as a starting point for the district court, and it must calculate the Guidelines range correctly, but a sentence must be based on the factors in § 3553 without a presumption favoring a sentence within the Guidelines range. *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007).

In reviewing this case on remand from the Supreme Court to consider this appeal in light of *Rita v. United States*, 127 S. Ct. 2456 (2007), it appears that the district court made the presumption regarding the reasonableness of the Guidelines sentence that is reserved only for appellate review. For instance, in discussing the method of sentencing after *Booker*, the district court stated the district court is to make the Guidelines calculation, and "[o]nce you've done that, any sentence within that is a reasonable sentence. And that's a reputably presumed – that is, a rebuttable presumption exists that that is the appropriate disposition. So what does it take to overcome that? Well, when the [district court] looks at the nature of the circumstances of the offense, it doesn't find anything to rebut that presumption."[1] We note, however, that the district court did not have the benefit of *Rita* or our opinion in *Sachsenmaier* at the time it sentenced Coleman. With the benefit of this guidance, we vacate Coleman's sentence and remand for resentencing in light of *Rita*.

---

[1] Adding to our lack of confidence that the district court did not improperly presume the Guidelines sentence a reasonable sentence is its statement that it "has to consider the gravity of the offense, the character of the Defendant under 3553, and that is along with the other factors that are contained in 3553, to determine whether or not there have been or there are . . . facts which overcome what the Supreme Court has indicated is a *rebuttable presumption* relative to the range of sentence established by the sentencing guidelines." (emphasis added). [Coleman's Rule 54 statement attachment at 201.]