**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 16, 2011
Decided February 17, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

|  |  |
|---|---|
| No. 09-4120 | |
| | Appeal from the |
| UNITED STATES OF AMERICA, | United States District Court for the |
| *Plaintiff-Appellee*, | Eastern District of Wisconsin. |
| | |
| *v.* | No. 04-CR-66 |
| | |
| JEFFREY G. COLEMAN, | Rudolph T. Randa, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Jeffrey Coleman pleaded guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846, and was sentenced to 360 months' imprisonment. After we affirmed his conviction and sentence, *United States v. Coleman*, 231 F. App'x 512 (7th Cir. 2007), the Supreme Court vacated our judgment and remanded the case for further consideration in light of *Rita v. United States*, 551 U.S. 338, 351 (2007), which held that a district court may not presume a sentence within a defendant's guidelines range to be reasonable. *Coleman v. United States*, 552 U.S. 1138 (2008). In reviewing the case on remand, we noted that the district court at sentencing did not have the benefit of *Rita* and expressed concern that the court had applied the presumption favoring a within-guidelines sentence; we thus remanded for resentencing. *United States v. Coleman*, 290 F. App'x 938, 939-40 (7th Cir. 2008). The district court ultimately resentenced

Coleman to the statutory minimum of 240 months' imprisonment. *See* 21 U.S.C. § 841(b)(1). Coleman appeals but his appellate counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), contending that any challenge to Coleman's conviction or sentence would be frivolous. Coleman has not responded to counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Coleman could challenge the imposition of the 20-year statutory minimum. This statutory minimum was triggered by the government's filing of an Information demonstrating that Coleman was convicted in 1989 in Milwaukee County Circuit Court for possession of cocaine with intent to deliver. *See* §§ 841(b)(1)(A); 851. Counsel considers whether Coleman could argue that the 20-year statutory sentence violated the Sixth Amendment because a jury had not found his prison conviction to qualify as a prior felony drug offense beyond a reasonable doubt. Such a challenge, however, would be beyond the scope of remand—reconsideration of Coleman's sentence in light of *Rita*—and therefore frivolous. *See United States v. Swanson*, 483 F.3d 509, 514-15 (7th Cir. 2007); *United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002); *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001). And in any event, we squarely rejected this argument in Coleman's first appeal. *See Coleman*, 231 F. App'x at 515 (citing *Harris v. United States*, 536 U.S. 545 (2002), and *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)).

Counsel also briefly considers whether Coleman could challenge the reasonableness of his new sentence. However, Coleman's 20-year sentence was below the properly calculated guidelines range of 30 years to life, and we presume a below-guidelines sentence to be reasonable. *See United States v. Shamah*, 624 F.3d 449, 460 (7th Cir. 2010); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008). Counsel cannot point to any reason to rebut that presumption. Moreover, as counsel notes, the district court could not impose a sentence below the statutory minimum because the only two grounds for doing so are inapplicable. The government did not move for a reduced sentence based on substantial assistance, *see* 18 U.S.C. § 3553(e); *United States v. McMutuary*, 217 F.3d 477, 487 (7th Cir. 2000), and Coleman's six criminal-history points made him ineligible for "safety value" relief, *see* 18 U.S.C. § 3553(f)(1); *United States v. Tanner*, 544 F.3d 793, 795 (7th Cir. 2008).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.