**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted February 15, 2012[*]
Decided February 28, 2012

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1977

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 05 CR 758-1 |
| TERRELL ROGERS, | |
| *Defendant-Appellant.* | Blanche M. Manning, |
| | *Judge.* |

**O R D E R**

If Terrell Rogers had kept "walking down the street, he would not have been arrested," as his probation officer would later tell the court. But when Rogers—a convicted sex offender—stopped walking and waited with his friend outside her child's school, he violated an Illinois law forbidding child sex offenders from loitering in a school zone.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

*See* 720 ILCS § 5/11-9.3. By committing this crime, Rogers violated the terms of his supervised release from federal prison, where he had served a 51-month sentence for credit-card fraud, 18 U.S.C. § 1029(a)(2), and identity theft, 18 U.S.C. § 1028A(a)(1). (Rogers also admitted using marijuana, a further violation of his terms of release.) The district court revoked Rogers' supervised release—he was serving concurrent terms, one for each conviction—and sentenced him to two consecutive 24-month terms of reimprisonment. On appeal, Rogers argues that his total term of reimprisonment exceeded the statutory maximum. The government concedes this error. We agree and vacate Rogers' sentence.

After Rogers' conviction in state court for loitering in a school zone, the district court held a revocation hearing. Rogers did not contest the charges at the hearing, but asked that any sentence be concurrent with his sentence in state prison. The government requested a total term of reimprisonment of 24 months, but the judge appeared to misunderstand the government's request, and announced two 24-month terms of reimprisonment to run consecutively for a total of 48 months. Defense counsel interjected that the government requested only 24 months total. The government replied that while it requested only 24 months, the court had discretion to impose a longer term.

At this point, the government told the judge that 48 months' reimprisonment was authorized by the statute. That was not correct. The probation officer told the judge that 48 months was within the Sentencing Guidelines. That was also not correct. And defense counsel's sole response to this abrupt shift was: "Oh, well." With all of this erroneous information before the court, the judge then sentenced Rogers to 48 months' reimprisonment, consisting of two consecutive 24-month terms.

On appeal, Rogers argues that the district court committed plain error by imposing an unlawful sentence. Rogers did not object at sentencing, so we review for plain error. *See United States v. Anderson*, 604 F.3d 997, 1001 (7th Cir. 2010); *United States v. Randle*, 324 F.3d 550, 555 (7th Cir. 2003). The government concedes there was plain error. Because Rogers' sentence exceeded the statutory maximum, it was an unlawful sentence and the district court committed plain error in imposing it. *United States v. Pawlinski*, 374 F.3d 536, 540–41 (7th Cir. 2004); *cf. United States v. Brown*, 662 F.3d 457, 462 (7th Cir. 2011) (court's mistaken application of a mandatory minimum constituted plain error). Congress set the maximum terms of reimprisonment according to felony class: 60 months for a Class A felony, 36 months for a Class B felony, 24 months for a Class C or D felony, and 12 months for all other offenses. 18 U.S.C. § 3583(e)(3); *United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007). Rogers' credit-card fraud was a Class C felony because the maximum sentence was 120 months, 18 U.S.C. §§ 3559(a), 1029(c)(1)(A); and his identity-theft conviction was a Class E felony because it carried a maximum sentence of 12 months. *Id.* §§ 3559(a), 1028A(a)(1). Therefore, the maximum term of reimprisonment was 36 months: 24 months for credit-card

fraud and 12 months for identify theft. *See United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006) (courts may impose consecutive terms of reimprisonment for violations of concurrent terms of supervised release). The district court did not have legal authority to impose the sentence of 48 months' reimprisonment.

Rogers also argues that the district court committed plain error by failing to calculate the Sentencing Guidelines correctly before sentencing him. We agree. The district court was obliged to begin with the properly calculated guideline range. *See United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008). The probation officer misadvised the court that the guideline range was 18 to 48 months, both orally at the hearing and in a written report. That range was incorrect because it exceeded the statutory maximum, but the correct guideline range was also disputed. Defense counsel argued for a guideline range of 18 to 24 months, based on Rogers' most serious violation being loitering in a school zone (a Class B violation) and his extensive criminal career (a criminal history category of V). *See* U.S.S.G. § 7B1.4. But the probation officer presumed that § 7B1.4 applied separately *to each term of supervised release*. If that is correct, the guideline range would be 18 to 36 months: 18 to 24 months for credit-card fraud, and (at the judge's discretion) 12 months (the maximum) for identity theft. The government takes no position, but urges us to remand without deciding the correct guideline range.

Because Rogers' guideline range incorrectly exceeded the statutory maximum, the case must be remanded for resentencing, and we decline to reach Rogers' assertion that the correct range was only 18 to 24 months. On remand, the parties should address the calculation of the guideline range under U.S.S.G. § 7B1.4. We remind the parties and the district court that the Guidelines are, after all, guidelines. They must be considered seriously and applied carefully, but in the end, the sentence is the responsibility of the district judge, after careful consideration of all the relevant factors under 18 U.S.C. § 3553(a). As we have explained: A district court facing a tricky but technical issue under the Guidelines may exercise its discretion under section 3553(a) and may spell out on the record whether and to what extent the resolution of the guideline issue affected the final sentence. *United States v. Lopez*, 634 F.3d 948, 954 (7th Cir. 2011).

Accordingly, we **VACATE** the sentence and **REMAND** for resentencing consistent with this order.