**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 11, 2013[1]
Decided July 12, 2013

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3772

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Norther District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 05-CR-0758-1 |
| TERRELL ROGERS, | |
| *Defendant-Appellant.* | Amy J. St. Eve, |
| | *Judge.* |

**O R D E R**

This case is before us as an appeal successive to *United States v. Rogers*, No. 11-1977, 457 Fed. Appx. 588 (7th Cir. 2012). When appellant Terrell Rogers' supervised release was revoked for the second time, he had been sentenced to two consecutive terms of imprisonment of 24 months each, for a total of 48 months in prison. In the prior appeal, we vacated the sentence

---

[1]After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2)(C).

because the sentence was, as both the government and Rogers agreed, in excess of the statutory maximum. We remanded for re-sentencing on the revocation of supervised release. On remand, the case was assigned to a different district judge who imposed two consecutive terms of 24 months and 6 months, for a total of 30 months in prison.

Rogers has appealed, and again the government and Rogers agree that the sentence exceeded the applicable statutory maximum, which is 24 months. We acknowledge that our prior order was not as clear is it might have been, and the government acknowledges that in both of the pertinent sentencing proceedings, it provided mistaken advice to the district court about the applicable statutory maximum. Nevertheless, we must agree with the parties that the sentence on appeal here exceeded the statutory maximum. We reverse the sentence of 6 months on revocation of supervised release for Count Two. The sentence of 24 months on the second revocation of supervised release on Count One remains intact.

This case illustrates some of the complexities and frustrations the courts face when dealing with defendants who seem to be incapable of complying with conditions of supervised release, and we agree with the district judge that the 30-month total revocation sentence in this case would be reasonable if it were allowed by statute.

*Original Sentencing*: To explain, we begin with Rogers' original sentencing. In 2005, Rogers was indicted on two counts. Count One was for identity theft in violation of 18 U.S.C. § 1029(a)(2). It was a Class C felony. Count Two was for aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). It was a Class E felony. Rogers pled guilty to both counts. In 2006, he was sentenced to 27 months in prison on Count One and a consecutive 24 months in prison on Count Two, as required by § 1028A(b)(2), for a total of 51 months in prison. Consistent with 18 U.S.C. § 3583(b), Rogers was sentenced to three years of supervised release on Count One and one year of supervised release on Count Two. As required by 18 U.S.C. § 3624(e), the terms of supervised release were concurrent.

First Revocation: Rogers served the consecutive terms in prison and began supervised release. He violated the terms of supervised release and on February 23, 2010, the district court revoked his supervised release and sentenced him to 12 months and one day in prison, to be followed by a term of supervised release of two years. The judgment revoking supervised release did not include any specifications regarding Count One or Count Two.

Second Revocation, Round One: After completing the prison sentence imposed upon the first revocation, Rogers was again on supervised release and again violated the terms. On March 31, 2011, the district court revoked his supervised release for the second time. The court imposed a sentence of 24 months on each count to run consecutively, for a total of 48 months.

As noted above, we vacated that sentence and remanded for re-sentencing on the second revocation.

Second Revocation, Round Two: On remand, the case was assigned to a different district judge. The district judge imposed a new sentence of 24 months in prison on Count One and 6 months on Count Two, to run consecutively, with no further supervised release to follow release from the prison term. Rogers has appealed again.

Despite the absence of any objection raising the point, we must reverse the prison sentence on revocation for Count Two because it was based on a plain error of law and resulted in a sentence in excess of the statutory maximum. The reason is that the sentence for the first revocation essentially used up any ability to sentence Rogers to any further term of supervised release on Count Two. The court's authority to impose a further term of supervised release after the first revocation was section 3583(h), which provides that a court that has revoked supervised release may impose another term of supervised release to follow the prison sentence, subject to the following limit:

> The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h). At the time of the first revocation, the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release" for Count Two was one year. § 3583(b)(3) (for Class E felony). The "term of imprisonment that was imposed upon revocation of supervised release" was twelve months and one day. (The first revocation order did not specify that the revocation was limited to Count One, so it appears that the district court intended the revocation to be based on both Counts One and Two.) Following the arithmetic instructions of section 3583(h), one year less twelve months and one day equals negative one day, meaning that at the time of the first revocation, the district court was not authorized to impose any further term of supervised release for Count Two. The new term of two years supervised release to follow the prison sentence there could have been based only on Count One.

Without a valid term of supervised release on Count Two that could have been revoked at the time of the second revocation, the second revocation should have been limited to Count One. The maximum prison term that could be imposed on the second revocation of Count One, which was a Class C offense, was two years. § 3583(e)(3). A sentence above the statutory maximum that works to the prejudice of the defendant is a plain error, as we explained in our

order vacating the second revocation judgment in round one. See also *United States v. Gibson*, 356 F.3d 761, 765-67 (7th Cir. 2004) (sentence in excess of statutory maximum was plain error that should be corrected on appeal despite absence of proper objection in district court and even despite defendant's agreement to the excessive sentence).

Accordingly, the portion of the judgment of November 29, 2012 revoking supervised release as to Count One is hereby AFFIRMED and the portion of the judgment revoking supervised release on Count Two is REVERSED. Under the judgment of November 29, 2012, defendant Rogers' total term of imprisonment is limited to two years.