In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-2673

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LARRY JORDAN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 03 CR 40053—**J. Phil Gilbert**, *Judge.*

ARGUED OCTOBER 3, 2006—DECIDED MAY 11, 2007

Before MANION, KANNE, and SYKES, *Circuit Judges.*

PER CURIAM. Larry Jordan was convicted and sentenced to 262 months' imprisonment and ten years' supervised release after he pleaded guilty to conspiracy to distribute and to possess with intent to distribute crack cocaine. On appeal Jordan argues principally that the condition of his supervised release requiring his participation in a drug or alcohol abuse treatment program is not adequately justified because he does not use drugs or alcohol. We affirm.

## I.  Background

Jordan's presentence report ("PSR") recommended an imprisonment range of 262 to 327 months, after the probation officer calculated a base offense level of 38 (for an offense involving more than 1.5 kilograms of crack cocaine), a two-level increase for possessing a dangerous weapon during the commission of the offense, and a three-level reduction for acceptance of responsibility. This yielded a total offense level of 37. Jordan's prior record placed him in criminal history category III.

Jordan objected to the PSR, arguing that adopting the probation officer's findings and recommendations violated *Blakely v. Washington*, 542 U.S. 296 (2004), because the enhancements applied in the PSR for relevant conduct and possession of a dangerous weapon were not charged in the indictment and therefore should not be applied to enhance the sentence. In addition, he argued that he should be held accountable for less than 1.5 kilograms of crack. At sentencing the district court rejected Jordan's first argument and found him responsible for more than 500 grams of crack (not the higher amount in the PSR), putting Jordan's total offense level at 35 and his advisory guidelines sentencing range at 210 to 262 months. The court then sentenced Jordan to 262 months' imprisonment, followed by a ten-year term of supervised release. Among other conditions of supervised release, the court ordered Jordan to participate in a substance abuse treatment program "as directed and approved by the Probation Office," and completely abstain from alcohol during treatment.

## II.  Discussion

Jordan acknowledges that because his sentence of 262 months is within a properly calculated guidelines range, it

is presumed reasonable under *United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir. 2005). He argues that the rebuttable presumption of reasonableness adopted in *Mykytiuk* essentially makes the guidelines mandatory, contrary to *United States v. Booker*, 543 U.S. 220 (2005). The Supreme Court has granted certiorari on the question of whether *Booker* permits a guidelines sentence to be presumed reasonable. *See United States v. Rita*, 177 F. App'x 357 (4th Cir. 2006), *cert. granted*, 2006 WL 2307774 (U.S. Nov. 03, 2006) (No. 06-5754). Even if the Court were to hold that a rebuttable presumption of reasonableness conflicts with *Booker*, Jordan's sentence would be assessed for reasonableness without any presumption, by reference to the sentencing factors in 18 U.S.C. § 3553(a). *See Booker*, 543 U.S. at 261-62, 264; *United States v. Nitch,* 477 F.3d 933, 937-38 (7th Cir. 2007); *United States v. Dean*, 414 F.3d 725, 728-31 (7th Cir. 2005). Jordan has failed to develop an argument that his sentence is unreasonable when considered under the § 3553(a) factors; we see nothing unreasonable, in light of those factors, about the 262-month sentence imposed here.

Jordan also challenges his sentence on the ground that the district court refused to account for the disparity between guidelines ranges for crack offenses and powder cocaine offenses. Jordan did not raise this issue in the district court and acknowledges that he cannot currently meet the test for plain error in this circuit; we have consistently rejected post-*Booker* challenges of this sort to the 100:1 sentencing ratio between crack and powder cocaine. *See, e.g.*, *United States v. Miller,* 450 F.3d 270, 275 (7th Cir. 2006); *United States v. Jointer*, 457 F.3d 682, 686 (7th Cir. 2006); *United States v. Lister,* 432 F.3d 754, 762 (7th Cir. 2005); *United States v. Gipson,* 425 F.3d 335, 337 (7th Cir. 2005). Jordan is simply preserving the issue for further review.

Jordan next argues that the district court improperly based his sentence on a prior conviction that was neither contained in the indictment, proven to a jury beyond a reasonable doubt, nor admitted to by him. Jordan admits *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), forecloses the argument that his prior conviction ought to have been found by a jury, but argues that subsequent Supreme Court cases (*Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely*, and *Booker*) have undermined the reasoning of *Almendarez-Torres*. We have repeatedly observed that *Almendarez-Torres* remains valid until the Supreme Court overrules it. *See, e.g.*, *United States v. Stevens*, 453 F.3d 963, 967 (7th Cir. 2006); *United States v. Browning*, 436 F.3d 780, 782 (7th Cir. 2006) (noting that continuing authority of *Almendarez-Torres* is not for this court to decide).

Finally, Jordan challenges the condition of his supervised release requiring him to participate in a drug or alcohol abuse treatment program and abstain completely from alcohol during the program. He argues that this condition is a greater deprivation of liberty than is reasonably necessary for sentencing purposes because the only evidence in the record about his drug or alcohol use is his statement to the probation officer that he does not use either. Again, Jordan failed to object to the imposition of the special condition during his sentencing hearing; we review this claim only for plain error. *United States v. McKissic*, 428 F.3d 719, 721-22 (7th Cir. 2005).

The district court has discretion to require participation in substance abuse treatment as a condition of supervised release if such a condition is reasonably related to the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for adequate deterrence, protection of the public, and effective treatment. *See* U.S.S.G. § 5D1.3(b); *McKissic*, 428 F.3d at

722; *United States v. Monteiro*, 270 F.3d 465, 468 (7th Cir. 2001). The court must also ensure that such a condition "involve[s] no greater deprivation of liberty than is reasonably necessary" to achieve sentencing goals. U.S.S.G. § 5D1.3(b). The sentencing guidelines recommend participation in a substance abuse treatment program where "the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol." U.S.S.G. § 5D1.3(d)(4).

Given the nature of Jordan's present offense and criminal history, we cannot say that the district court plainly erred by imposing this condition of supervised release. Prior cases in this circuit have established that drug or alcohol treatment conditions are not necessarily reserved only for individuals with extensive personal histories of drug or alcohol abuse. *See, e.g.*, *United States v. Mayes*, 370 F.3d 703, 711 (7th Cir. 2004), *vacated on other grounds by Jordan v. United States*, 543 U.S. 1107 (2005), *and Clayton v. United States*, 543 U.S. 1108 (2005); *United States v. Guy*, 174 F.3d 859, 861-62 (7th Cir. 1999). We note this is Jordan's third drug-trafficking conviction. In addition, the PSR discloses that on three separate occasions Jordan was charged in Cook County, Illinois, with possession of a controlled substance, suggesting possession of "personal use" amounts of drugs. Also, the district court ordered participation in treatment "as directed and approved by the Probation Office." It is entirely possible that when Jordan completes his lengthy prison term, the Probation Office will find drug or alcohol treatment unnecessary and decline to require him to participate. Under these circumstances, the test for plain error is not met. *See Mayes*, 370 F.3d at 711.

However, the fact that the district judge gave no explanation whatsoever for imposing this condition of supervised release is cause for concern and comment. We remind district courts that drug or alcohol treatment

conditions of supervised release should not be imposed simply by rote in all drug cases—or in any case, for that matter. Instead, the record should reflect an exercise of discretion based on the evidence and the applicable legal standard. *See generally United States v. Loy*, 191 F.3d 360, 370-71 (3d Cir. 1999) (remanding for district court to state reasons for imposing conditions of supervised release where district court's lack of explanation left the court unable to review abuse-of-discretion claim).

AFFIRMED.

A true Copy:

      Teste:

                _____

                *Clerk of the United States Court of*
                    *Appeals for the Seventh Circuit*