In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3441

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CALVIN BROWN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 4:09-cr-40072-GPM-1—**G. Patrick Murphy**, *Judge*.

ARGUED SEPTEMBER 7, 2011—DECIDED OCTOBER 18, 2011

Before POSNER, FLAUM, and HAMILTON, *Circuit Judges*.

FLAUM, *Circuit Judge*.  Calvin Brown pled guilty to three drug-related offenses in May 2010 and was sentenced in October 2010. He challenges the district court's decision not to apply the Fair Sentencing Act, Pub. L. 111-220, 124 Stat. 2372 (2010), at his sentencing. He also argues that the district court erroneously believed that he was subject to a $300 mandatory minimum fine for

each count of conviction, though his convictions have no such mandatory minimum fines.

In light of our holding in *United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011), we affirm the district court's decision not to apply the Fair Sentencing Act at Brown's sentencing. We agree, however, that the district court was not required to impose upon Brown any mandatory minimum fines. To the extent that the district court understood the fines he imposed as obligatory, the mistake of law constitutes clear error. *See United States v. McMath*, 559 F.3d 657, 663 n.2 (7th Cir. 2009) ("[A] mistake of law generally satisfies clear error . . . ."); *cf. United States v. Jaderany*, 221 F.3d 989, 994 (7th Cir. 2000) ("We may reverse a district court's decision to refuse a [downward] departure when it makes a mistake of law."). We, therefore, vacate Brown's fines and remand for reassessment.

## I. Background

Brown was indicted on three drug-related charges on October 6, 2009. Count I charged that he possessed with intent to distribute five grams or more of crack cocaine on May 3, 2007, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); Count II charged that he distributed heroin on June 2, 2009, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and Count III charged that he distributed crack on June 8, 2009, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He pled guilty to all three counts on May 13, 2010.

Brown was sentenced on October 4, 2010, two months after Congress enacted the Fair Sentencing Act ("FSA") and two months before the amended guidelines went into effect. Ignoring the FSA, the district court found that Brown had an offense level of 35 and a criminal history category of VI. Accordingly, it found that his guideline range was 292-365 months of imprisonment, ten years of supervised release, a fine range of $20,000 to $8,000,000, and a $300 special assessment. It sentenced him to 292 months of imprisonment on each count, to run concurrently, followed by eight years of supervised release on Count I and six years of supervised release on Counts II and III, also to run concurrently. It then imposed $1,200 in fines, consisting of a $300 mandatory special assessment and a $300 fine on each of Brown's three counts of conviction. It explained that it was imposing "a mandatory minimum fine [of] $300 on each count and similarly $300 on a special assessment. So you end up with a $1,200 fine." Brown timely appeals.

## II. Discussion

Brown raises two arguments on appeal. First, he contends that the district court should have applied the FSA in imposing its sentence. Had it done so, he claims, his advisory Guidelines range would have dropped from 292-365 months of imprisonment to 210-262 months. He also argues that the district court mistakenly believed that each count carried a $300 mandatory minimum fine.

**A.  The Fair Sentencing Act is Not Retroactive**.

Although Brown's offenses occurred before Congress enacted the FSA, he claims that the district court should have applied the FSA at sentencing because his sentencing occurred after it was enacted. Since he never asked the district court to sentence him under the FSA, we review his argument for plain error. *United States v. Garrett*, 528 F.3d 525, 527 (7th Cir. 2008) (explaining that plain error review applies when a defendant negligently fails to raise a sentencing argument before the district court at the time of sentencing, but attempts to raise it before the Court of Appeals).

Brown's argument is foreclosed by our opinion in *United States v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011), in which we held that the FSA does not apply retroactively to defendants who committed their offenses before the FSA was enacted on August 3, 2010, despite the fact that their sentencing occurred after the FSA's enactment. *Id.* at 338, 340; *see also United States v. Holcomb*, Nos. 11-1558, 11-1559, 11-1586, 11-1758, 2011 WL 3795170, at *1 (7th Cir. Aug. 24, 2011) (en banc) (declining to reverse *Fisher*).

We deny Brown's alternative request for a limited remand to permit the district court to determine whether it would like to resentence him voluntarily under the FSA or with sensitivity to the FSA's reduced distinction between sentences involving crack and those involving powder cocaine. The district court correctly declined to apply the FSA at Brown's sentencing. We find no compelling grounds to remand on this issue. *Cf. United*

*States v. Vance*, No. 10-3245, 2011 WL 4436004, at *2-3 (7th Cir. Sept. 26, 2011) (electing not to revisit this Court's holdings in *Fisher* and *Holcomb*, as well as finding no compelling reason to reverse a reasonable sentence imposed in accordance with those holdings).

## B.  Considering the $300 Fines Mandatory Minimums Was Error.

When explaining its decision to impose a $300 fine for each of Brown's three counts of conviction, the district court explained that there was "a mandatory minimum fine [of] $300 on each count." It also explained that the payment was owed immediately. The parties agree that Brown's convictions carried no mandatory minimum fine amounts. Accordingly, Brown asks for a remand to correct the mistake.

Because Brown neither objected to nor made an argument about the fines the district court imposed at the time, we review their imposition for plain error. *See, e.g.*, *United States v. Riley*, 493 F.3d 803, 810 (7th Cir. 2007) (applying plain error review to arguments forfeited at sentencing regarding the imposition of fines).[1] Under

---

[1] Brown claims that we should review the district court's decision de novo because he had no chance to object to the ruling until it was already entered. He cites Federal Rule of Criminal Procedure 51(a), which provides that "[e]xceptions to rulings or orders of the court are unnecessary." FED. R. CRIM. P. 51(a). An "exception" occurs when a litigant complains

(continued...)

plain error review, we must determine "(1) that error occurred; (2) that the error was plain; and (3) that the error affected the defendant's substantial rights." *United States v. Leupke*, 495 F.3d 443, 448 (7th Cir. 2007) (internal quotation marks and citations omitted). If these criteria are met, we may reverse.

An error is "plain" if it is "clear" or "obvious." *United States v. Olano*, 507 U.S. 725, 734 (1993). Further, defendants bear the burden of demonstrating that their substantial rights were affected by the error, which generally requires showing prejudice: the error "must have affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734; *see also Leupke*, 495 F.3d at 450-51. Finally, the Supreme Court has explained that when a

---

¹ (...continued)

about a judicial decision after it has been made. *See United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009). He further references Rule 51(b), which provides that "[i]f a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party." FED. R. CRIM. P. 51(b). We disagree. Rule 51(a) applies to issues that *were* raised before a judicial ruling. *See Bartlett*, 567 F.3d at 910. We have further explained that Rule 51(b) requires litigants seeking to preserve issues not raised before a judicial decision to raise those issues "when the court ruling or order is made or sought." FED. R. CRIM. P. 51(b); *see also Bartlett*, 567 F.3d at 910 ("When the judge surprises counsel, it is far better to air and resolve the matter in the district court than to bypass available opportunities for correction and save the issue for appeal.").

plain error affects the defendant's substantial rights, we should invoke our discretion to remand a case "in those circumstances in which a miscarriage of justice would otherwise result," and it defines "miscarriage of justice" as an error that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736 (internal quotation marks and citations omitted); *see also United States v. Newman*, 965 F.2d 206, 213 (7th Cir. 1992). We find plain error in this case.

Brown was not subject to a mandatory minimum fine, and the district court erred in stating otherwise. Brown pled guilty to three counts of violating 21 U.S.C. § 841(a)(1). He was sentenced under 21 U.S.C. § 841(b)(1)(B) for Count I and § 841(b)(1)(C) for Counts II and III. Neither of those statutes nor the general fine statute, 18 U.S.C. §§ 3571-3574, impose a mandatory minimum fine.

The Sentencing Guidelines provide that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine," U.S.S.G. § 5E1.2(a), and further states that, under those circumstances, "the court may impose a lesser fine or waive the fine," U.S.S.G. § 5E1.2(e). Accordingly, we have explained that "criminal fines are discretionary, and sentencing courts must consider ability to pay when determining whether to impose any fine at all." *United States v. Ellis*, 522 F.3d 737, 739 (7th Cir. 2008).

Faced with an advisory guideline fine range of $20,000 to $8,000,000, the presentencing report concluded that

Brown did not "have the ability to pay a fine within the guideline range nor does he have the ability to pay a fine immediately." Further, the district court's Statement of Reasons states the following: "[f]ine waived or below the guideline range because of inability to pay," and also that "[t]he court has departed downward on the fine due to the defendant's inability to pay." We may consider these comments to interpret the district court's oral pronouncements at sentencing. *See United States v. Pape*, 601 F.3d 743, 747 (7th Cir. 2010).

On a correct understanding of the law, Brown's inability to pay permitted the district court to *not impose a fine at all*. Yet, the Statement of Reasons indicates that the district court erroneously believed that the $300 fines were mandatory minimums. This mistake of law implicated Brown's substantial rights because it dictated the outcome of his sentencing—the district court viewed itself as obligated to impose the fines. *See McMath*, 559 F.3d at 663 n.2 (noting that mistakes of law typically satisfy plain error and merit reversal); *United States v. Flores-Sandoval*, 94 F.3d 346, 351 (7th Cir. 1996) (explaining that, in the context of imposing fines, an error prejudices the defendant's substantial rights if it likely would have affected the amount of the fine). We may remand to correct this mistake. *Cf. United States v. Jumah*, 599 F.3d 799, 813 (7th Cir. 2010) (finding that plain error exists and remand is proper when a sentence is based on a miscalculation of the guidelines range); *Garrett*, 528 F.3d at 529-30 (same); *United States v. Ortiz*, 613 F.3d 550, 554 (5th Cir. 2010) (remanding for resentencing when a district court imposed a sentence

that it believed was a mandatory minimum, but which exceeded the actual mandatory minimum for the offense).

### III.  Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court not to apply the Fair Sentencing Act during Brown's sentencing, but we VACATE its imposition of his fines and REMAND for reassessment consistent with this opinion.