In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-3794

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RALPH SHANNON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 06 CR 179 — **Barbara B. Crabb**, *Judge.*

ARGUED MARCH 1, 2013 — DECIDED FEBRUARY 18, 2014

Before ROVNER, WILLIAMS, and HAMILTON, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* While on supervised release for possessing child pornography, Ralph Shannon violated the conditions of his release by attaching a web camera to his computer without prior permission. He also viewed several websites involving sexually explicit images, purportedly of teenage girls. Those actions led the district court to revoke Shannon's supervised release despite Shannon's contention

that the websites contained disclaimers that the sites did not actually depict any minors. In this appeal, Shannon contests the district court's imposition of a special condition for his life term of supervised release: a ban on the possession of any sexually explicit material. This ban was not restricted to material involving minors. Nor was it limited to visual depictions. And it was not discussed before or during the hearing, by anyone including the judge, before the judge imposed it. In light of the lack of findings or explanation for the lifetime ban on the possession of all sexually explicit material, we vacate the condition and remand this case to the district court for further proceedings.

## I. BACKGROUND

Ralph Shannon pled guilty to one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4). He received a sentence of forty-six months' imprisonment followed by a lifetime of supervised release. On August 20, 2010, after he completed his prison sentence, Shannon began his supervised release.

About thirteen months later, Shannon's probation officer filed a petition with the district court alleging that Shannon violated conditions of his supervised release. Special Condition No. 2 required him to notify his probation officer in advance of the use of any device connected to his computer, and the petition alleged that Shannon violated this condition by having a web camera connected to his computer without prior permission. The petition also alleged that Shannon violated Special Condition No. 3's prohibition on the possession

of any materials depicting child pornography when Shannon accessed several websites, including those with "teengal" and "teenplanet" in their domain names.

A probation revocation hearing took place before the district court. The government notified the court that it would proceed only with the violation alleging the unauthorized possession of a web camera because it could not determine the exact ages of the persons in the websites Shannon viewed. Shannon admitted he had possessed a web camera without prior permission, and the district court found he violated his supervised release by doing so.

The district court next heard arguments from the parties regarding the appropriate sanction for Shannon's violation. The government expressed its concern that Shannon viewed sexually explicit websites where the models were intended to depict teenage girls. It also stated that Shannon had at one point wiped his hard drive clean. Shannon's attorney, while acknowledging that Shannon made a "bad choice" to view pornography online, expressed Shannon's position that he had only visited websites containing certifications that none of the models were underage. Shannon's counsel also stated that the monitoring software mandated by the probation office on Shannon's computer meant there was never a time Shannon could access the internet, or download or store information, without the monitoring software capturing it.

After Shannon apologized, the court admonished him that his job and best approach was to stay away from anything that resembled child pornography. The court also told

Shannon he needed to continue to work with his sex offend-
er treatment program. The court then revoked Shannon's
supervised release, calculated the advisory range under the
United States Sentencing Guidelines, and ordered Shannon
committed to prison for a below-Guidelines term of twenty-
eight days, with a lifetime of supervised release to follow.
The court next stated that all standard and special conditions
of supervised release previously imposed were reinstated,
"along with the addition of the following special condition.
This will be No. 10." The court continued:

> You are not to possess any material containing "sex-
> ually explicit conduct" as defined in 18 U.S.C.
> § 2256(2), including pictures, photographs, books,
> writings, drawings, videos, video games and child
> pornography as defined in 18 U.S.C. § 2256(8).

The court concluded by stating that Shannon did not
have the financial means to pay the cost of incarceration and
that he must register with local law enforcement agencies
and the state Attorney General before his release from con-
finement. The court then asked whether there was anything
further in the matter. The prosecutor responded that from
the government's perspective, there was not. Shannon's
counsel requested and received a few days for Shannon to
organize his affairs before turning himself into prison. Shan-
non appeals, challenging the imposition of Special Condition
No. 10.

## II. ANALYSIS

Shannon argues on appeal that the district court should not have imposed Special Condition No. 10 as a condition of his lifetime term of supervised release. He maintains that the ban on all sexually explicit material, even material that pertains only to adults, is not reasonably related to his offense of conviction and was imposed without adequate findings.

Shannon did not object to the imposition of Special Condition No. 10 before the district court, so the government argues that our review should be for plain error. *See United States v. Musso*, 643 F.3d 566, 571 (7th Cir. 2011). Shannon, on the other hand, maintains he did not have notice or the opportunity to object to this condition. As a result, he contends that our review should only ask whether the district court abused its discretion when it imposed the condition. *See United States v. Evans*, 727 F.3d 730, 732 (7th Cir. 2013) (reviewing preserved objection to new condition of supervised release for abuse of discretion).

There is nothing in the record to suggest that Shannon had any idea the court was considering a ban on all sexually explicit material, no matter the age of the persons in the material, before the court announced the ban. The probation officer's recommendation did not include any special conditions beyond those previously imposed, nor did the government request anything similar to Special Condition No. 10 before or during the hearing. A condition along the lines of Special Condition No. 10 was not discussed at all during the

hearing, by the judge or anyone else, until the court imposed it.

We recently recognized some tension in our cases as to the proper standard of review in these circumstances. *See United States v. Goodwin*, 717 F.3d 511, 522 (7th Cir. 2013). Federal Rule of Criminal Procedure 51(b) provides that "[a] party may preserve a claim of error by informing the court–when the court ruling or order is made or sought–of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." But it also states that "[i]f a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice the party." *Id.* The government argues that the district court gave Shannon the opportunity to object to the district court's imposition of the additional condition when the court asked, after it had already imposed the condition, whether the parties had anything further. Shannon points out, however, that Rule 51 provides that "[e]xceptions to rulings or orders of the court are unnecessary." Fed. R. Crim. Pro. 51(a). And we have said that once the district court imposes sentence, "[s]uch a complaint is properly called, not an objection, but an exception." *United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009) (reviewing for plain error where defendant did not "object" to a "judicial choice after it ha[d] been made"); *see also United States v. Brown*, 662 F.3d 457, 461 n.1 (7th Cir. 2011) (reviewing for plain error where the defendant "neither objected to nor made an argument about the fines the district court imposed at the time"). *But see United States v. Courtland*, 642 F.3d 545,

547 (7th Cir. 2011) (reviewing for abuse of discretion where the "the record [did] not reveal to what extent the defendants were on notice of the court's impending filing" of its own sentencing order).

As we did in *Goodwin*, we leave for another day whether Federal Rule of Criminal Procedure 51 requires a defendant like Shannon to "object" to a sentence after it is imposed to preserve his argument for appeal. *See Goodwin*, 717 F.3d at 523 (declining to resolve tension between *Bartlett* and *Brown* on the one hand and *Courtland* on the other, where vacating special condition depended upon whether reviewed for plain error or an abuse of discretion). Whether under review for plain error or review only for an abuse of discretion, we conclude that Special Condition No. 10 must be vacated.

A district court may impose a special condition of supervised release if three requirements are satisfied. *Goodwin*, 717 F.3d at 521. First, the condition must be reasonably related to the penological purposes set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(C), and (a)(2)(D). *See* 18 U.S.C. § 3583(d). In particular, the condition "'must be reasonably related to (1) the defendant's offense, history and characteristics; (2) the need for adequate deterrence; (3) the need to protect the public from further crimes of the defendant; and (4) the need to provide the defendant with treatment.'" *Goodwin*, 717 F.3d at 522 (quoting *United States v. Angle*, 598 F.3d 352, 360-61 (7th Cir. 2010)). Next, a special condition "cannot involve a greater deprivation of liberty than is reasonably necessary to achieve the goal of deterrence, incapacitation, and rehabilitation." *Id.*

Finally, a special condition must be consistent with any pertinent statement that the United States Sentencing Commission issues. *Id.*; 18 U.S.C. § 3583(d)(3).

Special Condition No. 10 bars Shannon from possessing "any" material containing "sexually explicit conduct" as that term is defined in 18 U.S.C. § 2256(2).[1] That is not a condition limited to child pornography. Rather, it applies to all pornography, even legal adult pornography. Adult pornography, unlike child pornography, enjoys First Amendment protection, and so we must be especially cautious when considering a ban on possessing adult pornography. *United States v. Adkins*, Nos. 12-3738 & 12-3739, 2014 WL 325254, at *13 (7th Cir. Jan. 30, 2014).

Indeed, in *Adkins*, we vacated and remanded to the district court for reconsideration a special condition that stated: "The defendant shall not view or listen to any pornography or sexually stimulating material or sexually oriented materi-

---

[1]18 U.S.C. § 2256(2)(A) provides that except for purposes of child pornography, "sexually explicit conduct" means actual or simulated

    (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

    (ii) bestiality;

    (iii) masturbation;

    (iv) sadistic or masochistic abuse; or

    (v) lascivious exhibition of the genitals or pubic area of any person.

al or patronize locations where such material is available." *Id.* Our concerns included uncertainty as to what the term "sexually stimulating material" meant for the defendant, the breadth of the ban on not just possession but also on viewing and listening, and whether the defendant could even go out in public without violating the condition in light of the presence of advertisements that use many sexually oriented or stimulating images. *Id.* We noted that many of our sister circuits' decisions carefully scrutinized bans on adult pornography and struck down bans that were unconstitutionally vague. *Id.* at *14. We concluded that no reasonable person could know what conduct was proscribed by the condition, and we remanded to the district court for further consideration. *Id.* at *15.

While the vagueness problems were more pronounced in the condition at issue in *Adkins*, what exactly Special Condition No. 10 imposed on Shannon is not entirely clear either. On its face, Special Condition No. 10 appears to apply to all materials containing depictions of sexually explicit conduct, even if the depictions are not visual ones. It bans Shannon from possessing all material containing "sexually explicit conduct" as that term is defined in 18 U.S.C. § 2256(2). But that definition is not limited to visual depictions. The definition of "sexually explicit conduct" in 18 U.S.C. § 2256(2) that Special Condition No. 10 references stands in contrast, for example, to the definition of "child pornography," which by its terms under 18 U.S.C. § 2256(8) is limited to only a "visu-

al depiction."[2] At the least, it is not clear to one reading Special Condition No. 10 that it only applies to visual depictions. *See United States v. Loy*, 237 F.3d 251, 261 (3d Cir. 2001) (remanding for further consideration after finding that condition banning the possession of "all forms of pornography, including child pornography" was unconstitutionally vague in failing to give sound guidance as to what it banned).

More fundamentally, the imposition of Special Condition No. 10 is problematic because the district court did not explain why it was imposing a broad ban that by its terms included even legal adult pornography, nor did it make any findings to justify this ban. The government maintains the record supports the imposition of a ban on even adult pornography because Shannon was apparently seeking out

---

[2] 18 U.S.C. § 2256(8) provides:

(8) "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

    (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

    (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

    (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

websites that contained persons who looked underage, and the court did express concern during the hearing that Shannon was viewing sites where the models appeared to be younger than eighteen. The district court's findings and discussions, however, only concerned child pornography. The potential for a ban on even adult pornography was never discussed during the hearing. The court simply gave no reasons at all for why Shannon's conduct warranted imposing a broad ban on all sexually explicit conduct, even that involving only adults. *Cf. Gall v. United States*, 552 U.S. 38, 50 (2007) (sentencing judge "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing"); *United States v. Johnson*, 612 F.3d 889, 897 (7th Cir. 2010) (vacating sentence and remanding for resentencing where record did not reveal an adequate explanation for chosen sentence).

Adequate findings are especially important when the subject matter of the ban is a lifetime ban on otherwise-legal material. *Cf. Adkins*, at *13. That is not to say that a district court can never impose a ban on all sexually explicit material. *See id.* at *15. But it is difficult for us to uphold such a ban when the record does not make its connection clear to the goals of supervised release. The Third Circuit's decision in *United States v. Voelker*, 489 F.3d 139 (3d Cir. 2007), is instructive. That court also considered a complete prohibition on materials containing "sexually explicit conduct" regardless of whether they involved minors or adults. The Third Circuit recognized that a sentencing judge could restrict access to all sexually explicit materials, so long as such a restriction was

connected to the goals of supervised release. *Id.* at 150. But in the case before it, the Third Circuit concluded that "nothing on this record suggests that sexually explicit material involving only adults contributed in any way to [the defendant's] offense, nor is there any reason to believe that viewing such material would cause [the defendant] to reoffend." *Id.* at 151. Making review more difficult, the sentencing court had failed to give any reasons for imposing the broad ban. *Id.* at 153. As a result, the Third Circuit vacated the condition and remanded for further proceedings. *Id.* at 155. Here too, the sentencing court did not point to anything in the record suggesting that viewing sexually explicit material involving only adults would cause Shannon to reoffend. Nor did the court give any explanation for why it was imposing the broad ban.

We recognize that some other circuits have upheld broad bans on the possession of even legal adult pornography upon a finding of a sufficient connection between such possession and illegal behavior. In *United States v. Brigham*, 569 F.3d 220 (5th Cir. 2009), for example, the appellate court upheld the imposition of a three-year ban on possession of "pornographic sexually oriented or sexually stimulating materials" where the defendant's sex-offender treatment counselor testified that even sexually explicit images of adults would reinforce the defendant's previous behavior. *Id.* at 234. Another court affirmed a ban on "pornographic material" where the district judge pointed to videotapes the defendant made of his sexual attacks, including videos he made of himself engaging in sexual acts with seemingly un-

conscious adult women, in finding a connection between the defendant's viewing and possessing sexually explicit material and his criminal behavior. *United States v. Simmons*, 343 F.3d 72, 82 (2d Cir. 2003); *cf. United States v. Daniels*, 541 F.3d 915, 927 (9th Cir. 2008) (pointing out that defendant had participated in chat rooms discussing sexual activity with children in upholding ban on any materials depicting or describing sexually explicit conduct).

Our decision in *United States v. Angle*, 598 F.3d 352 (7th Cir. 2010), to which the government points, reflects that principle. There we affirmed a ban on personal use of the internet as a special condition of supervised release, and we did so because of the connection between the defendant's use of the internet and his criminal activity. The district court imposed the ban after the defendant had been convicted of using the internet to solicit a minor for sex and had also used the internet to set up a pornography trade with a distributor. We also noted that the ban was not a complete ban on internet use. *Id.*; *see also United States v. Crandon*, 173 F.3d 122, 127-28 (3rd Cir. 1999) (affirming ban on internet use without prior approval from probation office where defendant used internet to solicit fourteen-year-old girl with whom he then had sexual relations, and where appellate court found that district court "carefully considered [the defendant's] prior conduct and the need to protect the public" when it imposed the ban).

Here, in contrast, the district court did not at all explain the tie between the possession of any material containing

sexually explicit conduct, even legal material depicting adults, and Shannon's conduct. And it gave no reason or explanation for the ban on even legal adult pornography. *Cf. United States v. Perazza-Mercado*, 553 F.3d 65, 78 (1st Cir. 2009) (finding fifteen-year ban on "pornography of any kind" plainly erroneous where there was no explanation or apparent basis in the record for a connection between lawful sexually explicit materials and the defendant's conviction for engaging in sexual conduct with a nine-year old girl). In light of the lack of findings, we vacate Special Condition No. 10 and remand this case to the district court for further consideration. *See Adkins*, 2014 WL 325254 at *15; *Goodwin*, 717 F.3d at 524-25.

## III. CONCLUSION

We VACATE Special Condition No. 10 of Shannon's supervised release and REMAND for further proceedings consistent with this opinion.