In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-2199

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSEPH CANFIELD,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 07-cr-20065-001 — **James E. Shadid**, *Judge.*

ARGUED NOVEMBER 30, 2017 — DECIDED JUNE 25, 2018

Before EASTERBROOK and MANION, *Circuit Judges*, and
LEE,* *District Judge.*

LEE, *District Judge.* Joseph Canfield was convicted and incarcerated for possessing child pornography. While on supervised release, he violated the conditions of his release by viewing adult pornography on unauthorized smart phones.

---

* The Honorable John Z. Lee, District Judge for the United States District Court for the Northern District of Illinois, sitting by designation.

For this violation, Canfield consented to 180 days of home confinement and an additional year of supervised release. While under those additional conditions, Canfield was discharged from his sex offender treatment program for smoking marijuana, holding an infant without disclosing his offender status to the infant's mother, and for again watching adult pornography. The district court then revoked Canfield's supervised release and sentenced him to six months' imprisonment, followed by five more years of supervised release.

In this appeal, Canfield contests the district court's imposition of four special supervised release conditions: a requirement that he notify third parties about the risks his offender status poses; a condition that he undergo drug testing and substance abuse treatment at the direction of his probation officer; a prohibition on all access to sexually explicit material; and a ban on using the Internet to access sexually explicit material. For the reasons set forth below, we vacate the first three conditions, affirm the remaining condition, and remand the case to the district court for further proceedings.

## I. BACKGROUND

After pleading guilty in 2007 to possessing digital images of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), Joseph Canfield was sentenced to 78 months of imprisonment and three years of supervised release. The supervised release conditions required that Canfield participate in sex offender treatment, avoid unsupervised contact with minors, and not possess "any material, legal or illegal, that contains nudity or alludes to sexual activity or depicts sexually arousing material."

Canfield's term of supervised release began in June 2013. His supervised release was twice extended, first to allow him to complete sex offender treatment, and a second time after he admitted using unauthorized smart phones to view adult pornography and possessing a sexually explicit video of a female who looked to be between seventeen and nineteen years old, as well as several nude images of children.

In March 2017, Canfield told his treatment provider that he had again watched adult pornography. He further confessed that he had smoked marijuana two years earlier and had held a female infant, whose mother had not been informed about his sex offender status. On the basis of these admissions, as well as the conduct he had admitted earlier, Canfield's treatment provider "unsuccessfully discharged" him from treatment and recommended to Canfield's probation officer that Canfield be barred from viewing pornography and from having any contact with children.

The probation officer then petitioned the district court to revoke Canfield's supervised release, on the grounds that he had violated the condition requiring him to participate in sex offender treatment and the condition forbidding unsupervised contact with minors. The probation officer proposed several additional conditions of supervised release, which included the following: a requirement that Canfield provide notice to third parties about the risks his sex offender status may pose ("Notification Condition"); a ban on all access to sexually explicit material ("Sexual Material Condition"); a ban on using the Internet to access sexually explicit material ("Internet Sexual Material Condition"); and a requirement that he undergo drug testing and substance abuse treatment

at the direction of his probation officer ("Drug Testing Condition").

Canfield's revocation hearing was held on May 25, 2017. At the hearing, Canfield objected to all of the above-listed conditions of supervised release, arguing that the Notification Condition was unconstitutionally vague, that the Sexual Material and Internet Sexual Material Conditions were overly broad, and that the Drug Testing Condition was generally unjustified. The district court imposed all four conditions over Canfield's objections and issued a sentence of six months' imprisonment, followed by five years of supervised release. Canfield appeals, challenging all four conditions.

## II. ANALYSIS

A district court must satisfy three requirements in imposing a discretionary condition of supervised release. 18 U.S.C. §§ 3553(a), 3583(c)–(d). First, the condition "must be reasonably related to (1) the defendant's offense, history and characteristics; (2) the need for adequate deterrence; (3) the need to protect the public from further crimes of the defendant; and (4) the need to provide the defendant with treatment." *United States v. Kappes*, 782 F.3d 828, 845 (7th Cir. 2015); 18 U.S.C. § 3583(d)(1). Such a condition also "cannot involve a greater deprivation of liberty than is reasonably necessary to achieve the goal of deterrence, incapacitation, and rehabilitation." *Kappes*, 782 F.3d at 845; 18 U.S.C. § 3583(d)(2). Lastly, the condition must be consistent with any relevant statements issued by the United States Sentencing Commission. *Kappes*, 782 F.3d at 845; 18 U.S.C. § 3583(d)(3). We review the district court's imposition of such conditions for abuse of discretion. *United States v. Speed*, 811 F.3d 854, 858–59 (7th Cir. 2016).

### A. The Notification Condition

The Notification Condition requires Canfield to "notify any individuals or entities of any risk associated with this history [of possessing child pornography]." But, we have required sentencing courts to define with greater specificity the identities or categories of individuals and the types of risks to which notification conditions such as this would apply, and the district court abused its discretion by failing to do so here. *See, e.g.*, *United States v. Guidry*, 817 F.3d 997, 1010 (7th Cir.), *cert. denied*, 137 S. Ct. 156 (2016) (vacating a condition requiring a defendant to "notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics"); *Kappes*, 782 F.3d at 849 ("There is no indication of what is meant by 'personal history' and 'characteristics' or what 'risks' must be disclosed to which 'third parties.' Presumably, the meaning of these terms would change from defendant to defendant, which makes definitions particularly important with this condition."). We therefore vacate the condition and remand for further consideration.

### B. Sexual Material Condition

The district court also imposed a condition barring Canfield from knowingly receiving, transmitting, controlling, or viewing any material that depicts sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A) and (B). Such conduct includes "actual or simulated sexual intercourse," "bestiality; masturbation; sadistic or masochistic abuse; [and] lascivious exhibition of the genitals or pubic area of any person."

18 U.S.C. § 2256(2)(A).[1] The judge justified the condition as necessary to help Canfield "successfully complet[e]" sex offender treatment.

Because adult pornography enjoys First Amendment protection, a ban on access to adult pornography is "only appropriate where it is reasonably necessary to assist the defendant's rehabilitation or to protect the public." *United States v. Wagner*, 872 F.3d 535, 542 (7th Cir. 2017) (citing *United States v. Taylor*, 796 F.3d 788, 793 (7th Cir. 2015)); *see also* 18 U.S.C. §§ 3583(d)(1), (2). And a district court prohibiting access to legal adult pornography, as a condition of supervised release, must explain how the condition is reasonably necessary to achieve those goals.

We have vacated similar conditions in the past when a district court has failed to provide a sufficient rationale for their imposition. And, indeed, the instant condition is nearly identical to one we struck down as overly broad in *United States v. Shannon*, 743 F.3d 496, 501, 503 (7th Cir. 2014). The district court in *Shannon* had banned possession of all material depicting "sexually graphic" conduct under 18 U.S.C. § 2256, without providing any justification as to why it was imposing such a condition. *Id.* at 498–99. We stated that the district court had not "explain[ed] the tie between the possession of any material containing sexually explicit conduct, even legal material depicting adults" and the defendant's conviction for possession of child pornography. *Id.* at 503.

---

[1]    18 U.S.C. § 2256(2)(B)'s definition of "sexually graphic conduct," which applies only to a subsection defining "child pornography," is slightly broader than that of § 2256(2)(A). The difference is immaterial for our purposes.

Similarly, in *United States v. Taylor*, we vacated a condition that prohibited a defendant, who was convicted of a crime involving sexual communications with a minor, from viewing or listening to "any form of pornography." 796 F.3d at 792, 793–94. The district court in *Taylor* justified the condition on the basis that the defendant had created adult pornography by masturbating in front of a web camera. *Id.* at 793. But the court had not made any findings connecting the viewing or listening of adult pornography to the defendant's original crime or to a likelihood of repeating that crime. *Id.* at 794.

As we have said before, sentencing courts may be justified in imposing special conditions prohibiting the possession of even legal adult pornography in certain circumstances.[2] *See id.*; *Shannon*, 743 F.3d at 502 (collecting cases affirming supervised release conditions prohibiting legal pornography). In the present case, the district court justified the ban on all material depicting "sexually graphic conduct" as "necessary to assist [Canfield] in successfully completing the Sex Offender Treatment Program."

---

[2]    It is beyond dispute that the Sexual Material Condition prohibits legal adult pornography. Canfield argues, however, that it also restricts his access to sex scenes in movies and televisions shows, as they would qualify as materials featuring "simulated" sex. The Supreme Court has construed the term otherwise. *See United States v. Williams*, 553 U.S. 285, 296–97 (2008) (construing "simulated sexual intercourse" as "sexual intercourse that is explicitly portrayed," so as to "cause a reasonable viewer to believe that the actors actually engaged in that conduct on camera," and explaining that sex scenes in R-rated movies are unlikely to qualify as such).

But it is not sufficient to simply state that the condition would help Canfield in his rehabilitation. The district court needed to provide some rationale for *why* it believed it would be helpful. Otherwise, the justification is merely a recitation of the law, rather than a finding specific to Canfield. And while the judge did express some concern that the consumption of adult pornography could lead Canfield to reoffend, the judge made this remark as part of a limited colloquy that preceded the sentencing and did not identify it as a basis for requiring the condition. As it stands, the rationale the district court provided for the imposition of the Sexual Material Condition as part of Canfield's sentence was insufficient.[3] We therefore vacate the condition and remand to the district court for further consideration.

### C. Internet Sexual Material Condition

The district court also imposed a condition barring Canfield from "knowingly us[ing] the [I]nternet or visit[ing] any website[,] including chat rooms or bulletin boards[,] to view material depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A) and (B)." In imposing this condition, the district court explained that he believed the condition was "necessary given the history and circumstances of [Can-

---

[3]    The judge also granted Canfield's sex offender treatment provider the discretion to rescind this condition, stating that, if the provider believed Canfield should be permitted access to adult pornography, the court would "defer to the [treatment provider's] expertise." But only a judge has the statutory authority to modify a supervised release condition, and we have held that granting such authority to a treatment provider or other third party improperly delegates that task to a non-Article III judge. *Wagner*, 872 F.3d at 543 (citing *United States v. Schrode*, 839 F.3d 545, 554 (7th Cir. 2016)).

field's] offense," which included "[using] the [I]nternet to illegally obtain and view at least 600 images of child pornography." The judge further specified that Canfield had, while on supervised release, "admitted to using unauthorized smart phones to access the [I]nternet with the intention of viewing pornography." The judge expressed that the condition would prevent recidivism, as it would "limit [Canfield's] exposure to individual[s] in areas of the [I]nternet that may tempt [him] to reoffend and help [him] to successfully participate in a sex offender treatment [program]."

The Internet Sexual Material Condition is a far narrower provision than the Sexual Material Condition, and more directly related to Canfield's original offense, which involved downloading child pornography over the Internet. As such, the court's statement that complying with this condition was likely to help Canfield avoid re-offending was supported by the record. Moreover, "an offender on supervised release has no unmitigated First Amendment right to view adult pornography *on the [I]nternet*, particularly when he is permitted to view it through other mediums like television or in magazines." *United States v. Cary*, 775 F.3d 919, 926 (7th Cir. 2015) (emphasis in original). We thus affirm the imposition of the Internet Sexual Material Condition.

### D. Drug Testing Condition

This condition requires Canfield, at the direction of the probation officer, to participate in a substance abuse treatment program, including up to six tests for controlled substances per month. Under this condition, Canfield is responsible for the cost of any treatment or tests, to the extent that the probation officer determines he is able to pay. The dis-

trict court provided the following justification for the condition:

> [Y]ou have admitted to possessing and using
> an illegal drug while on supervised release.
> This can negatively affect all aspects of your
> life. And one of the most significant areas of
> risk with the use of drugs is the connection be-
> tween drugs and crime. This will help mini-
> mize that.

While we have upheld supervised release conditions mandating drug testing even for defendants without a history of drug abuse, *see United States v. Paul*, 542 F.3d 596, 600 (7th Cir. 2008) (collecting cases), such cases have primarily involved defendants with backgrounds indicating a risk for substance abuse. *See, e.g., United States v. Jordan*, 485 F.3d 982, 984–85 (7th Cir. 2007) (finding no plain error in a condition mandating drug treatment for a defendant with three drug-trafficking convictions and a history of drug possession charges); *Paul*, 542 F.3d at 600–01 (finding no abuse of discretion in a condition mandating 60 drug tests per year for a defendant with no history of drug abuse but a history of alcohol abuse and alcohol-related crimes).

In the present case, Canfield admitted to using marijuana once while on supervised release, when he attended a party with a coworker. That use occurred over two years before the revocation hearing. And, although Canfield violated his terms of supervised release—as well as state and federal laws—by using marijuana in that instance, there is no assertion that Canfield has otherwise used illegal substances, has a history of substance abuse, or has a heightened risk for fu-

ture substance abuse. If the district court had explained how the condition would help achieve the goals of deterrence, incapacitation, or rehabilitation, *see* 18 U.S.C. §§ 3553(a), 3583(d)(2), we might come to a different conclusion. But rather than discussing why the condition was necessary in this instance, the court's sole rationale was the general belief that drug use can lead to more crime. This falls short of the specificity that is required. *See Kappes*, 782 F.3d at 845 (holding that "a sentencing court must justify the conditions … by an adequate statement of reasons"); *United States v. Goodwin*, 717 F.3d 511, 525 (7th Cir. 2013) (noting that "each special condition must be tailored to [the defendant] and his needs").

Accordingly, we AFFIRM the Internet Sexual Material Condition and VACATE and REMAND the Sexual Material, Notification, and Drug Testing Conditions to the district court for further proceedings consistent with this opinion.