**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2019[*]
Decided September 3, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-3719

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 3:18-CR-50033(1) |
| JOHN L. WOODWARD, *Defendant-Appellant*. | Philip G. Reinhard, *Judge.* |

**O R D E R**

John Woodward, who had been convicted of possessing child pornography, appeals from the district court's judgment revoking supervised release and, in particular, challenges one of the special conditions imposed upon revocation. The condition prohibits him from possessing sexually oriented or sexually stimulating

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

materials. The government concedes that the condition is vague, so we remand the case to the district court to reconsider that condition.

After serving his sentence for possession of child pornography, Woodward violated the terms of his supervised release. During a search of his apartment, officers found material that they determined to be child pornography—the possession of which violated Woodward's supervised-release condition prohibiting the viewing or possession of materials depicting sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)).

The probation office prepared a report that included proposed conditions of supervised release. One of the conditions, special condition 15, sets forth what sexually oriented material Woodward could not view or possess:

> You shall not view or possess pornography and you shall not possess or have under your control any pornographic, sexually oriented or sexually stimulating materials….

At sentencing, Woodward objected that the condition failed to supply guidance about the specific sort of materials that he would not be allowed to view or possess. The court overruled the objection:

> Well, that's a vagueness argument, and that may be a good argument, but it is no different than pornography, what is pornography …. I think this is appropriate to put in "sexually oriented" or "sexually stimulating." We would spend paragraphs trying to say what that is to take out the vagueness. I will just say that I will have to determine that if it ever arises.

The court then sentenced him to 24 months' imprisonment and a lifetime term of supervised release with various conditions, including special condition 15.

On appeal, Woodward argues that special condition 15 is unconstitutionally vague and overbroad. He notes that we have previously rejected—on overbreadth and vagueness grounds—supervised release conditions that limit the defendant from possessing "sexually oriented" or "sexually stimulating" material. *See United States v. Sainz*, 827 F.3d 602, 608 (7th Cir. 2016); *United States v. Adkins*, 743 F.3d 176, 194 (7th Cir. 2014). We similarly have rejected supervised release conditions that ban the possession

of adult pornography, which enjoys First Amendment protection. *See United States v. Shannon*, 743 F.3d 496, 500 (7th Cir. 2014).

The government concedes the point on appeal, so we vacate this part of the district court's order and remand for a limited resentencing to clarify special condition 15. As we noted in *Adkins*:

> We recognize the difficulty of drafting special conditions in this context. We therefore emphasize that various options remain open, including (1) defining the crucial terms in the existing special condition in a way that (a) provides clear notice to Adkins (preferably through objective rather than subjective terms), (b) includes a mens rea requirement (such as *intentional* conduct), and/or (c) is not broader than reasonably necessary to achieve the goals of 18 U.S.C. § 3553(a)(2)(b), (a)(2)(C), and (a)(2)(D), *see* § 3583(d); and (2) narrowing the scope of proscribed conduct, such as by (a) focusing on child pornography, which federal statutes objectively define, *see, e.g.,* 18 U.S.C. § 2256(8), and/or (b) focusing on particular establishments such as strip clubs, adult bookstores, and adult theaters.

743 F.3d at 196.

We VACATE special condition 15 of Woodward's supervised release and REMAND this case for further proceedings.