In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 19-1170

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MONTA GROCE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 15-cr-78-wmc-01 — **William M. Conley**, *Judge.*

_____

ARGUED JANUARY 14, 2020 — DECIDED MARCH 20, 2020

_____

Before WOOD, *Chief Judge*, and ROVNER and ST. EVE, *Circuit Judges*.

WOOD, *Chief Judge*. Monta Groce challenges two conditions of supervised release that were imposed as part of his sentence for various sex trafficking crimes. In the district court, Groce did not object to either of the two conditions, even though he objected to four others and waived his right to have the district court read each condition and its justification. We have faced this situation in several recent decisions

and have found that these circumstances normally amount to waiver. There is nothing unusual in Groce's case that would call for a different result. We thus hold that he waived his appellate challenges to the two conditions, and we affirm.

**I**

In 2016, a jury convicted Groce of eight charges in a nine-count indictment: three counts of sex trafficking in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1); conspiracy to engage in interstate transportation for prostitution in violation of 18 U.S.C. § 371; interstate transportation for prostitution in violation of 18 U.S.C. §§ 2421 and 2422; maintaining a drug house in violation of 21 U.S.C. § 856(a)(1); using or carrying a firearm in maintaining the drug house in violation of 18 U.S.C. § 924(c); and witness retaliation in violation of 18 U.S.C. § 1513(b)(2). The district court sentenced Groce to 25 years in prison, to be followed by 20 years of supervised release.

Groce appealed and challenged his convictions for witness retaliation and sex trafficking. The government conceded that the jury instruction regarding the retaliation count was erroneous and that vacating this count of conviction was appropriate. We agreed with that assessment and so we vacated the retaliation count, affirmed the district court's judgment in all other respects, and remanded for resentencing. *United States v. Groce*, 891 F.3d 260, 271 (7th Cir. 2018).

Before resentencing, the probation officer issued a revised presentence investigation report (PSR). The revised PSR recommended eleven standard conditions of supervised release and seven special conditions. Among those conditions are the two Groce now challenges in this, his second appeal:

Conditions 11 and 18. Condition 11, which was slightly altered from the original PSR, states:

> As directed by the probation officer, defendant shall notify employers and third parties providing volunteer opportunities and educational opportunities; organizations to which defendant belongs; and neighbors and family members with minor children, of defendant's criminal record based on risk associated with his offense, his obligations to register as a sexual offender, and the legal requirements under the Sex Offender Notification Act. The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly.

Condition 18 states:

> Have no contact with the victim in person, through written or electronic communication, or through a third party, unless authorized by the supervising U.S. probation officer. Defendant shall not enter the premises or loiter within 1,000 feet of the victim's residence or place of employment.

At his resentencing, Groce confirmed that he had read his PSR and reviewed it with his counsel. He objected to conditions 4, 8, 15, and 17. The district court addressed those objections and modified one condition. Groce waived reading of the remaining conditions and their justifications. His counsel stated, "I'm aware of no grounds for objecting to the remaining conditions, and we're willing to waive the reading." The district court resentenced Groce to 25 years of imprisonment and 20 years of supervised release.

## II

Groce has now presented challenges to Conditions 11 and 18, both of which he contends are vague and overbroad. Groce complains that Condition 11 is particularly unclear. He professes to be unsure whether he must disclose only his criminal record to third parties or whether he must also disclose the risks associated with his offense, his obligations to register as a sexual offender, and the legal requirements under the Sex Offender Notification Act. With respect to Condition 18, Groce asserts that he needs the names of the victim or victims whom he is supposed to avoid, and that the condition is invalid insofar as it does not require his contacts to be knowing.

Although Groce's criticisms may be valid (though we make no ruling on them one way or the other), he cannot proceed unless he can clear the waiver hurdle. We recently clarified our approach to appeals in which the defendant challenges a supervised release condition for the first time on appeal. In *United States v. Flores*, 929 F.3d 443 (7th Cir. 2019), we held:

> We will find waiver, as we do here, when the defendant has notice of the proposed conditions, a meaningful opportunity to object, and she asserts (through counsel or directly) that she does not object to the proposed conditions, waives reading of those conditions and their justifications, challenges certain conditions but not the one(s) challenged on appeal, or otherwise evidences an intentional or strategic decision not to object.

*Id.* at 450. In reaching that decision, we took into account the fact that 18 U.S.C. § 3583(e)(2) permits defendants to

challenge a condition of supervised release, unlike other terms of a sentence, at any time. *Id.* at 451.

Here, all the evidence points toward a waiver. At resentencing, Groce confirmed that he had the opportunity to read and discuss the revised PSR. In addition, Groce objected to four conditions at the resentencing but not the two conditions he now challenges. Groce also chose to waive reading of the two conditions and their justifications. By choosing to pursue certain arguments and forgoing others, Groce waived other possible challenges. "Nor is this the 'rare and limited instance' when we may choose to overlook a waiver because the challenged condition concerns activity protected by the First Amendment." *United States v. Anderson*, 948 F.3d 910, 912 (7th Cir. 2020) (citing *Flores*, 929 F.3d at 450).

Realizing that *Flores* controls this case, Groce asks us to overturn that recent decision, arguing that it is inconsistent with the Supreme Court's definitions of waiver and forfeiture. He cites *United States v. Olano*, 507 U.S. 725 (1993) which states: "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *Id.* at 733 (citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Groce emphasizes that waiver must be intentional on the part of the defendant and should be knowing and voluntary. Such intent should not be inferred, he contends, when a defendant merely fails to object to a condition of supervised release. Groce concludes that *Flores* incorrectly expanded the definition of waiver.

*Flores*, however, is consistent with the Supreme Court's explanations of both waiver and forfeiture. In the end, the question whether a defendant waived or forfeited a point depends

on a factual analysis of the proceedings. The circumstances in which *Flores* said that we would normally find waiver are reliable indicia that a defendant is intentionally relinquishing a known right. Contrary to Groce's accusation, we are not simply relying on a defendant's silence. *Flores* alerts defendants that the proper place to raise challenges to supervised release conditions is in the district court. If the defendant fails to raise such a challenge, as mentioned above, the defendant may still petition the district court for a modification of the condition under 18 U.S.C. § 3583(e)(2). The record here leaves no doubt that Groce intentionally refrained from challenging Condition 11 and Condition 18, and so his appeal must fail at the threshold.

We AFFIRM the district court's judgment.