NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2020
Decided May 12, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2254

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:17CR1-001 |
| TRAVIS J. BARRETT, *Defendant-Appellant*. | Joseph S. Van Bokkelen, *Judge*. |

## O R D E R

Travis Barrett pleaded guilty to possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and was sentenced to 97 months' imprisonment and ten years' supervised release. Although his plea agreement contained a broad appeal waiver, Barrett filed a notice of appeal. His appointed attorney asserts the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Barrett has responded to counsel's motion. *See* CIR. R. 51(b).

Counsel considers whether Barrett could challenge his sentence but concludes that any challenge would be foreclosed by the appeal waiver. In it, Barrett waived the right to appeal all components of his sentence "on any ground" except ineffective

assistance of counsel. Barrett urges that his waiver should be overlooked because some of his supervised release conditions are unconstitutionally vague, overbroad, and substantively unreasonable. For instance, Barrett points to Condition 31, which prohibits him from viewing or possessing "any material depicting 'sexually explicit conduct,' as defined in 18 U.S.C. § 2256(2)." Barrett concedes he did not object to this condition at sentencing, but he argues it impinges on his First Amendment rights.

While we agree with counsel's analysis on Barrett's other arguments, we disagree on the specific issue of Condition 31. It is true that "[a]ppeal waivers in plea agreements are typically enforceable." *United States v. Adkins*, 743 F.3d 176, 192 (7th Cir. 2014). And by not objecting to a supervised release condition at sentencing a defendant generally waives his right to challenge that condition on appeal. *See United States v. Groce*, 953 F.3d 487, 489 (7th Cir. 2020). But in the "'rare and limited instance' … we may choose to overlook a waiver because the challenged condition concerns activity protected by the First Amendment." *United States v. Anderson*, 948 F.3d 910, 912 (7th Cir. 2020) (quoting *United States v. Flores*, 929 F.3d 443, 450 (7th Cir. 2019)).

There is a nonfrivolous question about whether Barrett's challenge to condition 31 is such a rare instance. This limited waiver exception is premised on our decision in *United States v. Adkins*, in which we relieved a defendant of waiver because a vague condition of supervised release would have unconstitutionally burdened his First Amendment rights. 743 F.3d at 193. Adkins had both agreed to a broad appeal waiver and failed to object to the vague condition at sentencing, *id.* at 191, but we discussed the reasons why the constitutional concerns raised by the challenged condition overcame the written waiver only, without addressing the waiver Adkins incurred by failing to object at sentencing, *id.* at 192–93. Since *Adkins*, we have decided a series of cases that have clarified when a defendant who does not challenge a supervised release condition at sentencing "will be stuck with that decision." *Anderson*, 948 F.3d at 911–12 (listing cases); *see also Groce*, 953 F.3d at 489; *Flores*, 929 F.3d at 447–50. This appeal presents an opportunity to consider the legacy of *Adkins* in the wake of those decisions.

We agree with Barrett that, if his challenge to Condition 31 is reviewable, it would not be frivolous. If we overlooked waiver in Barrett's appeal, our review would be for plain error. *See Flores*, 929 F.3d at 451. And in *United States v. Shannon*, we found plain error where the district court did not adequately justify a vague condition involving protected speech that was nearly identical to Condition 31. 743 F.3d 496, 498–503 (7th Cir. 2014) (condition barred defendant from "possess[ing] any material containing `sexually explicit conduct' as defined in 18 U.S.C. § 2256(2), including

pictures, photographs, books, writings, drawings, videos, video games and child pornography as defined in 18 U.S.C. § 2256(8)" was vague because it was unclear whether it applied to visual depictions only). Barrett could argue that, as in *Shannon*, the district court here did not provide sufficient reasons for imposing Condition 31.

We express no conclusion on the ultimate merits of this potential challenge. We decide only that this appeal of Condition 31 is not frivolous, so Barrett is entitled to the benefit of briefing by counsel. *See, e.g., United States v. Eskridge*, 445 F.3d 930, 931–32 (7th Cir. 2006). Counsel's motion to withdraw is therefore DENIED, and the parties are ORDERED to brief whether Barrett procedurally waived his challenge to Condition 31 and whether that condition violates his constitutional rights. Briefing will proceed as follows:

1. The appellant's brief and required short appendix are due by June 11, 2020.

2. The appellee's brief is due by July 13, 2020.

3. The appellant's reply brief, if any, is due by August 3, 2020.